**Andrew NICHOLSON, Appellant,**

v.

**C. D. CALBECK, Deputy Commissioner, et al., Appellees.**

No. 24342.

United States Court of Appeals Fifth Circuit.

Oct. 31, 1967.

Certiorari Denied Jan. 15, 1968.

See 88 S.Ct. 790.

☞93

Herman Wright, Mandell & Wright, Houston, Tex., for appellant.

Ed Bluestein, Jr., S. G. Kolius, Houston, Tex., David L. Rose, Leavenworth Colby, Attys., Dept. of Justice, Washington, D. C., James R. Gough, Asst. U. S. Atty., Houston, Tex., Barefoot Sanders, Asst. Atty. Gen., Carl Eardley, Acting Asst. Atty. Gen., John C. Eldridge, Leavenworth Colby, Attys., Dept. of Justice, Washington, D. C., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel, for appellees.

Before WISDOM and GOLDBERG, Circuit Judges, and SEALS, District Judge.

PER CURIAM:

This appeal is from a judgment dismissing the complaint brought by an injured employee, the appellant, under 33 U.S.C. § 921(b) and 5 U.S.C. § 701 et seq., to review and set aside the determination of the Deputy Commissioner that the claimant was not entitled to benefits under the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 903(a).

On May 26, 1960, Andrew Nicholson, claimant-appellant, was injured while performing service as a longshoreman for his employer. He performed his work upon a pier erected on pilings and concrete blocks resting on the bed of navigable waters of the United States. The inshore edge of the pier is attached to the outboard edge of the employer's warehouse, a portion of which is also over water so that the inshore edge of the pier is not attached to or supported by land. In preparing to load the SS "Mary Sophia", some "tween deck beams" were placed on the pier. During the loading it became necessary to move the vessel. Rather than place the beams back on the vessel, forklifts were used to move the beams to the vessel's new position. As Nicholson was assisting in this moving, the beams slid from their resting place on the forklifts, striking him on the back of his legs. The Commissioner and the district court held that the accident did not come within the provisions of the Longshoremen's Act because the claimant was not injured "upon the navigable waters of the United States."

The disposition of this case is controlled by the recent decision of this Court in Travelers Insurance Company v. Shea, Deputy Commissioner (McCollough) 382 F.2d 344, decided August 9, 1967. In *McCollough* this Court held that the waters under a floating pier permanently attached to the shore were no longer "navigable waters". The Court distinguished between waters under a pier and waters under a vessel. See Michigan Mutual Liability Co. v. Arrien, 2 Cir., 1965, 344 F.2d 640.

In the present case, the Deputy Commissioner found as a fact that the waters underneath the pier continued to be freely navigable by small crafts. Photographs demonstrate that no small craft larger than a canoe could navigate under the pier. The limited navigability of the waters under the pier is characteristic of piers generally and as a matter of law is not navigability within the meaning of the term "navigable waters".

The judgment is affirmed.